**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>
WILLIAM JACKSON KITCHENS,

        Plaintiff - Appellant,

  v.

RICHARD PIERCE, Sheriff;
MARGARET MIMS, Asst. Sheriff;
GARY JOHNSON, Lieutenant,
Classification; MONICA MUELLER
GARCIA; DERRICK WATKINS; NORA
VARELA,

        Defendants - Appellees.
</td><td>
No. 10-15737

D.C. No. 1:05-cv-01567-DCB

MEMORANDUM[*]
</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of California
David C. Bury, District Judge, Presiding

Argued and Submitted October 16, 2012
San Francisco, California

Before: WALLACE and BEA, Circuit Judges, and RESTANI, Judge.[**]

William Kitchens appeals the district court's summary judgment in favor of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

Appellees, Margaret Mims and Gary Johnson ("County Defendants") and Derrick Watkins, Monica Garcia, and Nora Varela ("Transportation Defendants"). In this 42 U.S.C. § 1983 action, Kitchens claims his constitutional rights were violated when he was transported and detained pending adjudication of his civil commitment as a sexually violent predator ("SVP"). We affirm the district court's summary judgment in favor of Johnson and the Transportation Defendants but reverse the district court's summary judgment in favor of Mims.

Detainees awaiting civil commitment proceedings are entitled to conditions at least as favorable as those provided to individuals civilly committed and to all criminal detainees. Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004). A rebuttable presumption of punitive treatment arises when an SVP is detained in "conditions identical to, similar to, or more restrictive than, those in which his criminal counterparts are held." Id. To rebut that presumption, the government may not rely on generalized assertions of the need to separate SVPs from the general population, as required by California law. Id. at 934. California Penal Code sections 1610 and 4002(b) also require SVPs be administratively segregated and not deprived of privileges.

Kitchens' detention in Isolation reveals conditions that are substantially worse than those of the criminal detainees in administrative segregation

("MSEG"), giving rise to a presumption of punishment. The County Defendants failed to rebut this presumption because they have proffered only generalized jail management concerns for support, a position rejected in <u>Jones</u>. <u>See</u> 393 F.3d at 934. Kitchens' conditions in Isolation were actually worse than the unconstitutional ones clearly described in <u>Jones</u>.[1] Kitchens continued to experience worse treatment than criminal detainees while in the Hole. Because the County Defendants failed to proffer evidence to rebut the presumption of punishment, summary judgment in their favor was improper. They may produce additional evidence to rebut the presumption on remand.

Although Kitchens may have a cognizable claim that his constitutional rights were violated with respect to privileges, he chose to sue some defendants who do not bear responsibility for the deprivation. In section 1983 actions, employers and supervisors are not automatically liable for constitutional torts committed by their employees. <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007), <u>vacated on other grounds</u>, 556 U.S. 1256 (2009). Instead, a plaintiff must prove that the supervisor personally committed the tort, set in motion events which he knew or reasonably should have known would cause the alleged constitutional harm, or

_____

[1] In view of the conditions described in <u>Jones</u>, the County Defendants' assertion of qualified immunity here is without merit.

3

acquiesced in a constitutional deprivation by subordinates.  See id.; see also Moss v. U.S. Secret Serv., 675 F.3d 1213, 1231 (9th Cir. 2012).

The affidavits submitted by the County Defendants support Kitchens' argument that his housing in both Isolation and the Hole were pursuant to official jail policies.[2]  Although the County Defendants argued in their briefs that these policies were set by higher authorities, who they were bound to follow, counsel for County Defendants conceded at oral argument that these policies related only to the locations to which SVPs were assigned, not to the privileges afforded to prisoners in those locations.  Because this jail policy of affording SVPs fewer privileges was not instituted by higher authorities, a question of material fact exists as to Mims' involvement in creating or implementing this policy.  As the person who "oversaw jail operations" and "in charge of the Fresno County Jail,"  Mims has admitted facts that give rise to a disputed question of material fact as to her involvement in creating the policy that led to Kitchens' conditions of confinement.  A reasonable trier of fact could conclude that she controlled Kitchens' circumstances of confinement and is thus potentially liable under a supervisor theory of liability.  There is no reason to conclude, however, that Johnson, as a

---

[2] Kitchens' housing in MSEG admittedly was not based on any jail policy, and therefore, he has failed to support this part of his § 1983 claim.

4

classification officer, had any policy-making authority in terms of the privileges affitted to particular prisoners, and therefore no question of fact exists as to his involvement in the jail policy. Accordingly, Johnson is not liable for Kitchens' conditions as a matter of law.

Kitchens also argues that County Defendants violated his Fourth Amendment rights when they subjected him to a "strip search" upon entering the jail. Strip searches are constitutionally permissible, even if not based on reasonable suspicion, when routinely conducted by prison officials on inmates as they enter the prison's general population. Florence v. Bd. of Chosen Freeholders, 132 S. Ct. 1510, 1523 (2012). Because Kitchens was not subjected to a full strip search, as the petitioner in Florence was, and because Kitchens was housed, at least at some point, in an area with other prisoners, his rights were not violated. Kitchens also argues that the Transportation Defendants violated his substantive and procedural due process rights when they transported him handcuffed to the Fresno County Jail in the same compartment as criminal detainees. In Bagent v. Pierce, we stated that California Penal Code sections 1610 and 4002 were inapplicable to the brief time an SVP spends inside a bus because those statutes only address confinement in a "room," "housing," or "facility." 463 F. App'x 636, 637 (9th Cir. 2011) (unpublished). Our decision in Bagent, while non-

5

precedential, is consistent with the legislative history of sections 1610 and 4002. Accordingly, Kitchens' procedural due process rights were not violated. Similarly, Kitchens was not deprived of his substantive due process rights because the Jones presumption of punishment has been overcome by the Transportation Defendants' asserted justification of segregating juveniles and women within the vehicle, combined with obvious space limitations.

For the foregoing reasons, we **REVERSE** the district court's summary judgment with respect to Defendant Mims. Additionally, we **AFFIRM** the district court's summary judgment in favor of Defendant Johnson and the Transportation Defendants. The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**